UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DONNA BUETTNER-HARTSOE, et al.　　*

　　Plaintiffs　　*

　　　　　　　　*　　Civil Action No. 1:20-cv-03132
v.
　　　　　　　　*
BALTIMORE LUTHERAN HIGH
SCHOOL ASSOCIATION d/b/a　　*
CONCORDIA PREPARATORY SCHOOL
　　　　　　　　*
　　Defendant
*　　*　　*　　*　　*　　*　　*　　*　　*　　*　　*　　*

## ANSWER TO COMPLAINT

Comes now, Baltimore Lutheran High School Association d/b/a Concordia Preparatory School (hereinafter "Defendant"), by and through counsel, James S. Aist and Lauren R. Driver, and in Answer to the Complaint, states as follows:

### PARTIES, JURISDICTION AND VENUE

1.　　Defendant admits the allegations in paragraph 1.

2.　　Defendant admits the allegations in paragraph 2.

3.　　Paragraph 3 of the complaint asserts no factual allegations which require a response. To the extent a response is required, the Defendant admits the allegations of paragraph 3.

4.　　Denied as stated. Defendant Baltimore Lutheran High School Association, Inc. d/b/a Concordia Preparatory School is a Maryland Corporation with its principal place of business at 1145 Concordia Drive, Towson, Maryland.

5.　　Defendant admits Baltimore Lutheran High School Association, Inc. d/b/a Concordia Preparatory School (hereinafter "CPS") is a Maryland Corporation with its principal

place of business at 1145 Concordia Drive, Towson, Maryland.  Defendant does not dispute subject matter jurisdiction at this time.

6. Defendant does not dispute personal jurisdiction at this time.

7. Defendant does not dispute venue.

8. Defendant does not dispute venue.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

9. Defendant admits that N.H. was 14 years of age when she was enrolled at CPS.

10. Defendant admits the allegations in paragraph 10.

11. Defendant admits the allegations in paragraph 11.

12. Defendant admits the allegations in paragraph 12.

13. Defendant denies the allegations in paragraph 13 as stated.

14. Defendant denies the allegations in paragraph 14.

15. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 15, and therefore denies said allegations and demands strict proof thereof.

16. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 16, and therefore denies said allegations and demands strict proof thereof.

17. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 17, and therefore denies said allegations and demands strict proof thereof.

4831-6841-5955, v. 1

18. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 18, and therefore denies said allegations and demands strict proof thereof.

19. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 19, and therefore denies said allegations and demands strict proof thereof.

20. Defendant admits the allegations of paragraph 20.

## CPS'S HYPER-SEXUALIZED CULTURE

21. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 21, and therefore denies said allegations and demands strict proof thereof.

22. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 22, and therefore denies said allegations and demands strict proof thereof.

23. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 23, and therefore denies said allegations and demands strict proof thereof.

24. Defendant denies the allegations in paragraph 24.

25. Defendant denies the allegations in paragraph 25.

26. Defendant denies the allegations in paragraph 26.

27. Defendant denies the allegations in paragraph 27.

## CPS'S FAILURE TO PREVENT AND STOP
## SEXUAL HARASSMENT AND ASSAULT ON ITS CAMPUS

28. Defendant denies the allegations in paragraph 28.

29. Defendant denies the allegations in paragraph 29.

30. Defendant denies the allegations in paragraph 30.

31. Defendant denies the allegations in paragraph 31.

32. Defendant denies the allegations in paragraph 32.

33. Defendant denies the allegations in paragraph 33.

34. Defendant denies the allegations in paragraph 34.

35. Defendant denies the allegations in paragraph 35.

36. Defendant denies the allegations in paragraph 36.

37. Defendant denies the allegations in paragraph 37.

## N.H. IS REPEATEDLY ASSAULTED ON CPS' CAMPUS

38. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 38, and therefore denies said allegations and demands strict proof thereof.

39. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 39, and therefore denies said allegations and demands strict proof thereof.

40. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 40, and therefore denies said allegations and demands strict proof thereof.

41. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 41, and therefore denies said allegations and demands strict proof thereof.

42. Defendant denies that administrators and teachers were generally aware of the existence of the alleged video. Defendant is without information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 42, and therefore denies said allegations and demands strict proof thereof.

43. Defendant admits that Ms. Grill spoke with N.H. about a report of an alleged video. This prompted a full investigation by the school. The school never confirmed the existence of an alleged video of N.H. during the investigation. Defendant admits that it did not inform N.H.'s parents about the alleged video and denies it had an obligation to do so. Defendant denies any remaining allegations in paragraph 43.

44. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 44, and therefore denies said allegations and demands strict proof thereof.

45. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 45, and therefore denies said allegations and demands strict proof thereof.

46. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 46, and therefore denies said allegations and demands strict proof thereof.

47. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 47, and therefore denies said allegations and demands strict proof thereof.

48. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 48, and therefore denies said allegations and demands strict proof thereof.

49. Defendant admits that the student identified as "C" was a student athlete who played basketball at CPS. Defendant denies the remaining allegations in paragraph 49.

50. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 about "C" allegedly putting his hand up N.H.'s skirt during religion class in February 2018. Defendant denies the remaining allegations in paragraph 50 and demands strict proof thereof.

51. Assuming the assault referenced in paragraph 51 is the one referenced in paragraph 50, Defendant denies the allegations in paragraph 51 as stated.

52. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 52, and therefore denies said allegations and demands strict proof thereof.

53. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 53, and therefore denies said allegations and demands strict proof thereof.

54. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 54, and therefore denies said allegations and demands strict proof thereof.

55. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 55, and therefore denies said allegations and demands strict proof thereof.

56. Defendant denies the allegations in paragraph 56 as stated.

57. Defendant admits that two female students alleged that N.H. was being blackmailed with a video. This prompted a full investigation by the school. The school never confirmed the existence of an alleged video of N.H. during the investigation. Defendant denies the remaining allegations of paragraph 57.

58. Defendant denies the allegations of paragraph 58 as stated.

59. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 59, and therefore denies said allegations and demands strict proof thereof.

60. Defendant denies the allegations in paragraph 60 as stated.

61. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 61, and therefore denies said allegations and demands strict proof thereof.

62. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 62, and therefore denies said allegations and demands strict proof thereof.

63. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 63, and therefore denies said allegations and demands strict proof thereof.

64. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 64, and therefore denies said allegations and demands strict proof thereof.

65. Defendant denies the allegations in paragraph 65.

4831-6841-5955, v. 1

66. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 66, and therefore denies said allegations and demands strict proof thereof.

67. Defendant denies the allegations in paragraph 67 as stated.

68. Defendant denies the allegations in paragraph 68 as stated.

69. Defendant denies the allegations in paragraph 69.

### N.H. IS TREATED LIKE A PROBLEM, NOT A SURVIVOR

70. Defendant denies the allegations in paragraph 70.

71. Defendant denies the allegations in paragraph 71.

72. Defendant denies the allegations in paragraph 72.

73. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 73, and therefore denies said allegations and demands strict proof thereof.

74. Defendant denies the allegations in paragraph 74.

75. Defendant denies the allegations in paragraph 75.

76. Defendant is without information sufficient to form a belief as to the truth of the allegations about why N.H.'s parents decided not to enroll N.H. at CPS the next year. Defendant denies the remaining allegations in paragraph 76.

77. Defendant denies the allegations in paragraph 77.

78. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 78, and therefore denies said allegations and demands strict proof thereof.

4831-6841-5955, v. 1

79. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 79, and therefore denies said allegations and demands strict proof thereof.

## CAUSES OF ACTION

### COUNT I – Violation of 20 U.S.C. § 1681, et. seq. Title IX of the Education Amendments Act

80. Defendant incorporates and reasserts the responses to all paragraphs of its answer as though fully set forth herein.

81. Defendant denies the allegations in paragraph 81.

82. Defendant denies the allegations in paragraph 82.

83. Defendant denies the allegations in paragraph 83.

84. Defendant denies the allegations in paragraph 84.

85. Defendant denies the allegations in paragraph 85.

86. Defendant denies the allegations in paragraph 86.

87. Defendant denies the allegations in paragraph 87.

88. Defendant denies the allegations in paragraph 88.

89. Defendant denies the allegations in paragraph 89.

90. Defendant denies the allegations in paragraph 90.

### COUNT II – Negligent Supervision and Retention

91. Defendant incorporates and reasserts the responses to all paragraphs of its answer as though fully set forth herein.

92. Paragraph 92 asserts the existence of a legal duty which requires no response. To the extent a response is required, Defendant denies the allegation and demands strict proof thereof.

93. Paragraph 9 asserts the existence of a legal duty which requires no response. To the extent a response is required, Defendant denies the allegation and demands strict proof thereof.

94. Defendant denies the allegations in paragraph 94.

95. Defendant denies the allegations in paragraph 95.

96. Defendant denies the allegations in paragraph 96.

97. Defendant denies the allegations in paragraph 97.

98. Defendant denies the allegations in paragraph 98.

99. Defendant denies the allegations in paragraph 99.

100. Defendant denies the allegations in paragraph 100.

101. Defendant denies the allegations in paragraph 101.

## **COUNT III – Negligence**

102. Defendant incorporates and reasserts the responses to all paragraphs of its answer as though fully set forth herein.

103. Defendant denies the allegations in paragraph 103.

104. Paragraph 104 asserts the existence of a legal duty which requires no response. To the extent a response is required, Defendant denies the allegation and demands strict proof thereof.

4831-6841-5955, v. 1

105. Paragraph 105 asserts the existence of a legal duty which requires no response. To the extent a response is required, Defendant denies the allegation and demands strict proof thereof.

106. Defendant denies the allegations in paragraph 106.

107. Defendant denies the allegations in paragraph 107.

108. Defendant denies the allegations in paragraph 108.

109. Defendant denies the allegations in paragraph 109.

110. Defendant denies the allegations in paragraph 110.

### COUNT IV – Premises Liability

111. Defendant incorporates and reasserts the responses to all paragraphs of its answer as though fully set forth herein.

112. Paragraph 112 asserts the existence of a legal duty which requires no response. To the extent a response is required, Defendant denies the allegation and demands strict proof thereof.

113. Paragraph 113 asserts the existence of a legal duty which requires no response. To the extent a response is required, Defendant denies the allegation and demands strict proof thereof.

114. Defendant denies the allegations in paragraph 114.

115. Defendant denies the allegations in paragraph 115.

116. Defendant denies the allegations in paragraph 116.

117. Defendant denies the allegations in paragraph 117.

118. Defendant denies the allegations in paragraph 118.

### COUNT V – Intentional Infliction of Emotional Distress

119. Defendant incorporates and reasserts the responses to all paragraphs of its answer as though fully set forth herein.

120. Paragraph 120 asserts the existence of a legal duty which requires no response. To the extent a response is required, Defendant denies the allegation and demands strict proof thereof.

121. Paragraph 121 asserts the existence of a legal duty which requires no response. To the extent a response is required, Defendant denies the allegation and demands strict proof thereof.

122. Defendant denies the allegations in paragraph 122.

123. Defendant denies the allegations in paragraph 123.

124. Defendant denies the allegations in paragraph 124.

125. Defendant denies the allegations in paragraph 125.

126. Defendant denies the allegations in paragraph 126.

127. Defendant denies the allegations in paragraph 127.

128. Defendant denies the allegations in paragraph 128.

## COUNT VI – Negligent Infliction of Emotional Distress

129. Defendant incorporates and reasserts the responses to all paragraphs of its answer as though fully set forth herein.

130. Paragraph 130 asserts the existence of a legal duty which requires no response. To the extent a response is required, Defendant denies the allegation and demands strict proof thereof.

131. Defendant denies the allegations in paragraph 131.

132. Defendant denies the allegations in paragraph 132.

133. Defendant denies the allegations in paragraph 133.

134. Defendant denies the allegations in paragraph 134.

## AFFIRMATIVE DEFENSES

### First Defense

Defendant avers that Plaintiff's allegations fail to state a claim for which relief can be granted.

### Second Defense

Defendant avers that Plaintiff's claims are, or may be, barred by Plaintiff's sole or contributory negligence.

### Third Defense

Defendant avers that Plaintiff's claims are, or may be, barred by Plaintiff's voluntary assumption of the risk.

### Fourth Defense

The alleged injuries and damages claimed by the Plaintiff were caused by the acts or omissions of persons or entities over whom the Defendant exercised no control and for whom the Defendant has no liability.

### Fifth Defense

Defendant avers that Plaintiff's claims are, or may be barred, in whole or in part by the doctrines of waiver and release.

### Sixth Defense

Defendant avers that Plaintiff's claims are, or may be, barred in whole or in part by enforceable contract(s).

### Seventh Defense

Defendant avers that Plaintiff's claims are, or may be, barred by Plaintiff's failure to mitigate damages.

### Eighth Defense

Defendant avers that Plaintiff's claims are, or may be, barred by the expiration of the statute of limitations.

### Nineth Defense

Plaintiff's damages were, or may have been, proximately caused by superseding and/or intervening acts, conduct, or causes sufficient to entirely exclude Defendant.

### Tenth Defense

To the extent that the Plaintiff seeks or secures what may be considered exemplary or punitive damages, it violates the Defendant's rights to procedural due process under the Fourteenth Amendment of the United States Constitution and therefore fails to state a cause of action upon which relief can be granted.

### Eleventh Defense

To the extent the Plaintiff seeks or secures what may be considered exemplary or punitive damages, it violates Defendant's rights to protection from excessive fines as provided in the Eighth Amendment of the United States Constitution and violates the Defendant's rights to substantive due process as provided in the Fifth Amendment of the United States Constitution and therefore fails to state a claim for such damages.

### Twelfth Defense

Defendant avers that Plaintiff's claims are, or may be barred, in whole or in part by the doctrines of assignment, collateral estoppel and/or *res judicata*.

### Thirteenth Defense

The Plaintiff's claims are barred by total and/or partial charitable immunity.

## Fourteenth Defense

The Plaintiffs' non-economic damages, if any, cannot exceed the maximum recoverable amount specified by § 11-108 of the Maryland Courts and Judicial Proceedings Article.

## Fifteenth Defense

Defendant denies that is the recipient of federal education funding and denies any liability under Title IX.

The Defendant intends to rely upon all defenses available to it based on the facts disclosed in discovery or at trial and reserve the right to assert those defenses as the facts supporting them become known.

WHEREFORE, having fully Answered Plaintiff's allegations, Defendant respectfully requests that this Honorable Court dismiss the Action, with prejudice, assess costs and attorney's fees as may be allowed and award such additional relief as this Court may deem necessary and appropriate.

Respectfully submitted,

*/s/ James S. Aist*
James S. Aist (Federal Bar # 5946)
*/s/ Lauren R. Driver*
Lauren R. Driver (Federal Bar # 19474)
ANDERSON, COE & KING, LLP
Seven St. Paul Street, Suite 1600
Baltimore, MD 21202
T: 410-752-1630 / F: 410-752-0085
aist@acklaw.com / driver@acklaw.com
*Attorneys for Defendant Baltimore Lutheran High School Association d/b/a Concordia Preparatory School*

4831-6841-5955, v. 1

Certificate of Service

      I hereby certify that, on this 4th day of December 2020, a copy of the foregoing Answer to Complaint was electronically filed and served upon and/or mailed first-class mail, postage prepaid to:

Justin Browne (Bar No. 29164)
Christina Graziano (admitted pro hac vice)
KETTERER, BROWNE & ANDERSON, LLC
336 S Main Street
Suite 2A-C
Bel Air, MD 21014
*Attorneys for Plaintiffs*
Justin@KBAAttorneys.com
Christina@KBAAttorneys.com

                                                 */s/ James S. Aist*
                                       James S. Aist (Federal Bar # 5946)

16
4831-6841-5955, v. 1