Law Offices
# Eccleston and Wolf
Professional Corporation

BALTIMORE-WASHINGTON LAW CENTER
7240 PARKWAY DRIVE – 4th FLOOR
HANOVER, MARYLAND 21076

(410) 752-7474
FAX (410) 752-0611
VIOLA@EWMD.COM

GREGG E. VIOLA

SUITE 260
1629 K STREET, N. W.
WASHINGTON, D. C. 20006
(202) 857-1696

SUITE 107
10400 EATON PLACE
FAIRFAX, VIRGINIA 22030
(703) 218-5330

April 5, 2021

**VIA ECF**

The Honorable George L. Russell, III
U.S. District Court for the District of Maryland
101 W. Lombard St., Baltimore, MD 21201

        RE: *Buettner-Hartsoe v. CPS, et al.*
           Case 1:20-cv-03132-GLR

Dear Judge Russell:

Pursuant to your Standing Order on Discovery Procedures, ECF 13-2, this letter sets forth a discovery dispute. The parties have conferred per L.R. 104.7, but a dispute still exists regarding Plaintiff N.H.'s Answers to Interrogatories and Responses to Requests for Production.

This matter arises out of Plaintiffs Donna Buettner-Hartsoe and her daughter N.H.'s allegations of student-on-student sexual harassment and/or assault and bullying, and the Defendant's response thereto, while Plaintiff N.H. was a student at CPS. Plaintiffs' Complaint identifies some of the students that alleged sexually harassed and/or assaulted her, but not all. In response to the allegations, Defendant served Plaintiff N.H. with Interrogatories and Requests for Production of Documents. Plaintiff's responses are deficient in four main areas: 1) identifying the individuals who sexually harassed, assaulted, or bullied N.H.; 2) social media and text messages that N.H. received from those individuals; 3) an itemization of damages; and 4) N.H.'s social media posts.[1]

Interrogatory Nos. 4 and 5 asked Plaintiff to identify all incidents of unwanted physical contact or verbal harassment. Plaintiff has not done so, even based upon the allegations in the Complaint:
- Plaintiffs allege that N.H. and a student named "John" engaged in non-consensual sexual acts including recording a FaceTime call in which N.H. masturbated that was later disseminated as a video. ECF 1 ¶¶ 38-40. Plaintiff has not disclosed John's full name or contact information.
- Plaintiff generically asserts in her Answers to Interrogatories that male and female students ridiculed N.H. about the video, but did not identify any of the students by name.
- Plaintiffs allege that N.H. began to receive "threatening phone calls" from two male CPS students, blackmailing N.H. *See* ECF 1 at ¶¶ 45-46. Plaintiffs have not identified the two males. Instead, Plaintiff's Answer refers generically to eight "perpetrators of sexual assault, sexual

---

[1] There are other deficiencies that the parties are still trying to resolve as of the date of this filing.

harassment, and bulling" at the school. Plaintiff also alleges that "a female student" reported the blackmailing, ECF 1 ¶ 57, but has not identified that "female student."
- Plaintiffs allege that N.H. was lured to a locker room by a "senior CPS student" who wanted to "make out" with N.H., but he pressured N.H. to perform oral sex on him. Plaintiff also alleges that "a group of male CPS students" assaulted her. Plaintiff further alleges that "the male student" came face to face with N.H.'s sister outside the locker room. ECF 1 at ¶¶ 53-55. None of these students have been identified.

Interrogatory No. 17 asked Plaintiff N.H. to itemize her damages because she seeks damages for severe emotional distress, medical expenses, lost wages, and impairment of future earnings. *See* ECF 1 at ¶ 90, 100-01, 109-10, 117-18, 127-28, 133-34. This is a standard discovery request, *Natural Product Solutions, LLC v. Vitaquest International, LLC*, Civil No. CCB-13-436, 2013 WL 12423428, at * 2 (D. Md. Dec. 20, 2013), but Plaintiff has not itemized her damages.

Document Request No. 15 asked Plaintiff to produce texts, tweets, messages, and communications with individuals mentioned in the Complaint, i.e., seeking communications between N.H. and the individuals that she alleges sexually harassed and/or assaulted her. The basis for this request is Plaintiffs' Complaint in which they allege that N.H., was bombarded with constant harassment "via social media and text messages." *See* ECF 1 at ¶ 63. Plaintiff has produced no text messages. Plaintiff has not even produced the recorded FaceTime video that allegedly led to the harassment.

Document Request No. 20 asked Plaintiff to produce social networking site posts and profiles. Plaintiff agreed to produce her Facebook account, but has not done so. Additionally, Plaintiff has other social networking accounts, including with Instagram; we know this because Plaintiff produced some Instagram messages in response to Document Request No. 19. Because she is claiming significant emotional injuries, Defendant is entitled to discovery of Plaintiff's social networking data, and not just accounts that Plaintiff wants to produce, to explore other potential causes or diagnoses of her emotional distress and mental anguish. *See, e.g. Simply Storage Mgmt., LLC*, 270 F.R.D. 430 (S.D. Ind. 2010); *Romano v. Steelcase, Inc.*, 907 N.Y.S.2d 650 (Sup. Ct. Suffolk 2011); *Mailhoit v. Home Depo U.S.A., Inc.*, 285 F.R.D. (C.D. Cal. 2012); *Fawcett v. Altieri*, 960 N.Y.S. 2d 592, 597 (2012).

Perhaps the best indication that Plaintiff is using discovery as gamesmanship is that Plaintiff N.H. produced 10 pages of Instagram messages with a male student. Plaintiff, however, has not produced her Instagram account, which is private. Additionally, the 10 pages of Instagram messages were bates-labeled 134, 137, 139, 142, 144, 146, 148, 156, 158, and 160, interspersed with other documents. and in no order rendering the messages indecipherable. Additionally, the documents bates-labeled 167 and 168 are so small that they are illegible. Defendant and members of its board have produced over 21,000 pages of documents in discovery. Plaintiff cannot be troubled to produce documents so they can be read.

Sincerely,

ECCLESTON AND WOLF, P. C.

Eccleston and Wolf PC

By: _____ /MPJ
      Gregg E. Viola

GEV/MPJ:sdm