336 S. Main Street, Suite 2A-C  Bel Air, MD 21014
Toll Free: (855) KBA-LAWS (522-5297)
Office: (410) 885-6267
Fax: (855) 334-5626
www.KBAattorneys.com

**Brian Ketterer** (PA) • **Justin Browne** (MD)

**Michael Appel** (MA, NH) • **Derek Braslow** (PA, NJ, DC) • **Julie Ferraro** (MA, FL)

**Christina Graziano** (MA) • **Reza Davani** (MD)

April 5, 2021

<u>**VIA CM/ECF SYSTEM**</u>
The Hon. George L. Russell, III
District of Maryland

**RE:**   *Buettner-Hartsoe v. Baltimore Lutheran High School Association,* **1:20-cv-03132-GLR**

Dear Judge Russell:

In response to Defendant Concordia Preparatory School's letter outlining the discovery dispute between the parties, Plaintiff's response is simple: Plaintiff does not dispute the discoverability of the items outlined in the letter, but rather states quite simply that the items requested are not available to be produced.

Concerning Interrogatories Nos. 4 and 5, Plaintiff has provided the information that she recalls. She has not identified specific people because she does not remember their full names, nor does she have their contact information due to the fact that she had to change her phone number as a result of the repeated harassment she experienced (i.e., she cannot simply retrieve these phone numbers off of her device). Defendant is deposing Plaintiff in April or May 2021 and can ask her again, under oath, at that time. In the meantime, Defendant has asked for this information several times and Plaintiff has provided all the information she has on this issue. Accordingly, the issue is moot and this filing seems frivolous; Plaintiff cannot be compelled to give information based on recollections that she does not have.

Similarly, with respect to Interrogatory No. 17, Plaintiff's counsel has explained several times that we simply do not yet have in our possession all of the bills and records associated with this matter. Plaintiff's counsel agrees with Defendant that these items are discoverable; in fact, we have been producing documents to the Defendant on a rolling basis, as recently as this very morning. When Defendant has made cogent arguments regarding the need for records subpoenas, we have complied. When Plaintiff's counsel has the bills, we will continue to produce them without delay. Plaintiff does not have to forecast future medical expenses right now because to the extent such damages exist, they are subject to expert opinion and analysis. This has been repeatedly explained to Defendant. Plaintiffs will serve a life care plan and/or any other documentation responsive to this Interrogatory when the deadline to do so comes to bear. Until then, it does not exist and cannot be produced.

With respect to Interrogatory No. 15, Defendant is again requesting Plaintiff to produce things that do not exist. Plaintiff has been asked, repeatedly, to produce texts and other messages. She searched for them on her devices and has repeatedly stated that her text messages do not date back to the time period in question, nor does she use text message to communicate with potential witnesses in the present. Here again, Plaintiff does not disagree with Defendant's entitlement to this discovery. She


simply does not have these items. Just like Defendant's witnesses (who are adult employees of a business) no longer have text messages from the timeframe in question, not surprisingly, neither does the teenaged Plaintiff. This has been communicated to Defendant's counsel multiple times; nonetheless, they are filing a motion to compel non-existent things. Defense counsel has not laid any foundation to suggest that these items are being improperly withheld, when Plaintiff's reason for not having access to these items is the same as the excuse proffered by Defendant's witnesses.

It is similarly confounding (and not to mention, offensive to a survivor of sexual assault) that Defendant takes issue with Plaintiff not producing the very FaceTime recording that, as alleged in her Complaint, led to the onslaught of harassment and assault she experienced. Defendant cannot reasonably fault Plaintiff for failing to obtain, download, and preserve in real time – years before filing this lawsuit – a video that someone took without her knowledge or consent in which she participated in sexual activity as a minor. Defendant's request is tantamount to asking Plaintiff's counsel to produce suspected child pornography; Plaintiff's counsel, frankly, is confused as to why Defense counsel even wants to see this video, as there is no need in the context of a civil case. Questions as to the contents of the video are better directed to the Baltimore County Police Department detectives who are investigating the video.

On a similar note, with respect to Interrogatory No. 20, Plaintiff has turned over her Facebook account's data and screenshots from her active Instagram account. As we have explained to Defense counsel, Plaintiff also uses SnapChat but cannot retrieve those messages or posts because the nature of SnapChat is to delete those messages shortly after they are sent or posted. Defendant identified a list of Instagram accounts that it would like to discover, and is not satisfied with Plaintiff's response that the accounts are either de-activated, or simply never belonged to Plaintiff in the first place (ex. Defendant wishes to see posts from an account registered under the name "Natisaloser". Plaintiff maintains that she has never been the owner of an account that, by its own description, disparages her name). Relatedly, Defendant's letter is the first time in which Plaintiff has been made aware that some of the Facebook data is illegible. Plaintiff's counsel hired an outside vendor to download the native Facebook files, including their metadata, and Bates stamp and produce those files as both native files and "photo" images. To the extent that Defense counsel has an issue with, or requires an explanation for, the manner in which the Facebook data was produced, Plaintiff's counsel welcomes a phone call. However, Defendant's action in using its letter as the first venue to raise this issue renders it premature for the Court's deliberation, and it is not yet ripe for motions practice or a hearing.

At base, this is a dispute not over whether or not certain items are discoverable, it's a dispute simply because Defendant does not like Plaintiff's answers to its questions. Plaintiff and her counsel are not engaging in the "gamesmanship" tactics decried in Defendant's letter. Counsel is happy to provide the Court with further detail and argument in support of these positions if the Court desires, but ultimately Plaintiff's counsel does not feel that a hearing is productive where Plaintiff is not able to produce items that do not exist.

                                        Respectfully,
                                        /s/ Christina Graziano
                                        Justin A. Browne (Bar No. 29164)
                                        Christina Graziano (admitted *pro hac vice*)
                                        Brian Ketterer (admitted *pro hac vice*)
                                        **KETTERER, BROWNE & ANDERSON, LLC**