Law Offices
## Eccleston and Wolf
Professional Corporation

(410) 752-7474
FAX (410) 752-0611
VIOLA@EWMD.COM

GREGG E. VIOLA

BALTIMORE-WASHINGTON LAW CENTER
7240 PARKWAY DRIVE – 4th FLOOR
HANOVER, MARYLAND 21076

SUITE 260
1629 K STREET, N. W.
WASHINGTON, D. C. 20006
(202) 857-1696

SUITE 107
10400 EATON PLACE
FAIRFAX, VIRGINIA  22030
(703) 218-5330

April 12, 2021

**VIA ECF**

The Honorable Deborah L. Boardman
U.S. District Court for the District of Maryland
101 W. Lombard St., Baltimore, MD 21201

RE:   *Buettner-Hartsoe v. CPS, et al.*
      Case 1:20-cv-03132-GLR

Dear Judge Boardman:

Pursuant to your Letter Order, this letter provides you with an update regarding the discovery dispute raised on Plaintiff's Answers to Interrogatories and Responses to Requests for Production.

Defendant and Plaintiffs conferred via telephone for approximately 50 minutes on April 9, 2021 beginning at 8:45 A.M.  As set forth below, Defendant respectfully requests that the telephone hearing scheduled for April 13, 2021 be postponed so that the parties can continue to meet and confer to attempt to resolve or reduce the discovery disputes.

Defendant has raised objections to Plaintiff N.H.'s Answer to Interrogatory No. 17, in which Plaintiff was requested to itemize her economic damages because Plaintiff alleges medical expenses, lost wages, and impairment of future earnings in her Complaint.  Defendant understands that itemization of some damages is a matter for expert discovery, but past medical expenses and lost wages is not.  Defendant requested that Plaintiff N.H. review the Answer, supplement any additional documents in Plaintiff's possession, custody, and control, and provide any supplement that Plaintiff viewed as necessary.  Specifically, Defendant requested that Plaintiff supplement any past lost wages or medical expenses or advise if no such damages were being asserted at this time.  Plaintiff's counsel advised that it reserved to itemize future medical or lifecare expenses or future lost wage claims in the future, as that likely will be done through experts.

Defendant raised objections to Plaintiff N.H.'s Response to Document Request No. 15, in which Plaintiff was requested to produce texts, tweets, messages, and communications with individuals mentioned in the Complaint, i.e., seeking communications between N.H. and the individuals that she alleges sexually harassed and/or assaulted her.  In response, Plaintiff N.H. produced few documents and no text messages.  Plaintiff incorporated the same response to Document Request No. 19 which is also at issue.  Plaintiff's position is that her devices have been searched and that the other text and social media messages have been lost, deleted, or are otherwise unavailable.

Eccleston and Wolf PC

During the call, Defendant raised issues and a possible resolution not previously discussed, in the form of agreeing on a list of search terms to be run on Plaintiff's devices (including phone and computer), similar to what the parties have done with regard to Defendant's document production. In furtherance of that discussion, Defendant has provided Plaintiff with a search term list to ensure that all communications are retrieved, which Plaintiff is reviewing and considering.

The parties also discussed Defendant's ESI experts having access to Plaintiffs' phone and computer to perform forensic testing for information and to see if any deleted information can be recovered. Defendant's ESI experts have advised that Plaintiff's cell phones and other devices used to send communications can be searched, and such responsive information can potentially be recovered. Defendant requested that Plaintiff surrender her cell phones and other devices used to send communications to be imaged and searched. Defendant's ESI experts have advised that this process can likely be done remotely. Plaintiff agreed to consider Defendant's request, and provide Plaintiff's position in the near future.

Defendant raised objections to Plaintiff N.H.'s Response to Document Request No. 20, in which Plaintiff was requested to produce social networking site posts, messages, and profiles. Plaintiff's position is that her devices have been searched and that social media information has been produced (although as noted by Defendant it was not produced in order), but that some has been lost, deleted, or is otherwise unavailable. Defendant's ESI experts have advised that Plaintiff's cell phones and other devices used to send social media messages can be searched, and such responsive information can potentially be recovered. Defendant requested that Plaintiff surrender her cell phones and other devices used for social networking site posts, messages, and profiles to be imaged and searched. Defendant's ESI experts have advised that this process can likely be done remotely. Plaintiff agreed to consider Defendant's request, and provide Plaintiff's position in the near future.

Because Plaintiffs have agreed to review their discovery responses and provide any supplements they view as necessary, and because Plaintiffs are considering Defendant's request for Defendant to have its own third-party ESI contractor to examine their cell phones and devices used for text message, social media and other communications, Defendant respectfully requests that the telephone hearing scheduled for April 13, 2021 be postponed until Plaintiffs have responded and, potentially, the parties meet and confer again in an effort to eliminate or reduce the discovery disputes.

Defendant is making the same request in the *Conrad* case before Your Honor.

                                           Sincerely,

                                           ECCLESTON AND WOLF, P. C.

                                           By: ___/s/Gregg E. Viola_____
                                                 Gregg E. Viola

GEV/MPJ:sdm/jc

Eccleston and Wolf PC