# KBA ATTORNEYS

336 S. Main Street, Suite 2A-C  Bel Air, MD 21014
Toll Free: (855) KBA-LAWS (522-5297)
Office: (410) 885-6267
Fax: (855) 334-5626
www.KBAattorneys.com

**Brian Ketterer** (PA) • **Justin Browne** (MD)
**Michael Appel** (MA, NH) • **Derek Braslow** (PA, NJ, DC) • **Julie Ferraro** (MA, FL)
**Christina Graziano** (MA) • **Reza Davani** (MD)

April 12, 2021

**VIA CM/ECF SYSTEM**:
The Hon. Deborah L. Boardman
District of Maryland

**RE:**   *Donna Buettner-Hartsoe, et al. v. Baltimore Lutheran High School Association*
Case No.: 1:20-cv-03132-GLR

Dear Judge Boardman:

Defendant served discovery in this case and in other cases pending against it. Defendant asked for various information. Each Plaintiff, including the Plaintiffs in the cases before this Court, responded. Attorneys for the Parties met and conferred multiple times about a handful of discovery requests. Plaintiff's counsel repeatedly told defense counsel Plaintiffs had provided all the information they had. Plaintiff's response is never good enough.

Defendant filed letters with each Court to initiate the process to allow it to file a motion to compel. Bewildered because Plaintiffs cannot produce things or information they do not have, Plaintiff's counsel objected to them. One judge, the Honorable Judge Copperthite, ruled last week in the *Pullen* case that there is no dispute before the Court. (Ex. 1, Order) When this Court raised the prospect of a hearing, Plaintiff's counsel responded with their availability and noted that the issues had been decided by another court. Defense counsel claimed there were unique issues here. The Court ordered the Parties to meet and confer, which they did. The Court ordered the Parties to submit a joint letter.

Defendant sent a draft letter that, in Plaintiff's counsel's opinion, is inaccurate. It suggests there was a valid discovery dispute before the Court and that Plaintiff had conceded issues and agreed to resolve them. That is not the case. The issues were the same as in *Pullen* – Defendant wants things Plaintiff does not have. If and when Plaintiff obtains them, Plaintiff will produce them. In the meanwhile, there is nothing more to produce. Moreover, Plaintiff did not concede any issues with her prior responses and need not take any remedial effort.

Defendant's draft letter does not make clear that what it intended to do was raise new issues to the Court that had never before been raised to Plaintiff. First, that Ms. Donna Buettner-Hartsoe narrow her response to people with whom she communicated personally, which she is doing now that she has been asked to do so. Second, that Plaintiffs search their devices using a list of 118 words that was just given to Plaintiff's counsel for the first time on Friday night. Third, that they make their electronic devices available for a forensic search. Plaintiff's counsel

edited the letter to make it clear to the Court that none of these matters were ripe for a hearing on Tuesday because they were only raised after the letters and are distinct from the issues in the letters. The meet and confer process has only just began as of Friday. Accordingly, there is nothing before the Court, as Defendant's letter, at the very conclusion, begrudgingly admits.

Defendant refuses to include Plaintiff's counsel's edits to the draft letter to allow Plaintiff to present a true and accurate context. While the parties did not discuss *Hartsoe* during their meet and confer call, Defendant represented to this Court that it would raise identical issues in the *Hartsoe* matter such that this letter outlining the parties' positions is warranted. Defendant unilaterally decided to ignore the Court's instructions to send a joint letter, which could be done easily by simply adding qualifying language to disputed portions like, "Plaintiff's counsel maintains ….." as is frequently done in joint letters. Accordingly, Plaintiff submits her own letter.

Put simply, Defendant wanted to file a motion to compel Plaintiff to produce responsive material she does not have. The Court in *Pullen* saw it for what it was – a waste of time – and denied it. If Defendant does not like Plaintiff's responses, it can depose Plaintiff, which it is scheduled to do. It can seek responsive information by other means, which it is – before all this, Defendant served discovery to obtain Plaintiff's cell phone carrier information, for example. Plaintiff already supplements her responses when she gets new information, like medical bills. She did so the day before the latest meet and confer and she will continue to do so. There is nothing to compel her to do. She already complies with the Rules and cannot comply until she has information to produce.

Realizing its misstep, Defendant now presents new issues. It wants a keyword search done. Defendant wants Plaintiff to search everything she owns for a list of words including every conceivable curse word, common names; to wit, a host of ridiculous things. This is not yet before the Court. Similarly, Defendant wants to search Plaintiff's devices – they want a third party to search these kids', and apparently, their parents', phones and other devices. These new issues raised on Friday require legal and factual analyses by Plaintiff's counsel. In sum, there is nothing for the Court to hear on Tuesday because the only issues were just raised for the first time and have not completed the meet and confer process. Defendant knows this, and conceded it in the last section of its letter; nonetheless, it wanted to present a misleading version of the history. The letter to the Court was unnecessary and premature. There is no hearing needed at this time because there is no issue before it. Defendant needs to follow the process that it just initiated on Friday and Plaintiff will respond accordingly. The Court's help will likely be necessary, but the Parties must actually meet and confer to narrow the issues on the issues that were only just now raised.

Respectfully,

 */s/ Christina Graziano*
Christina Graziano (*admitted pro hac vice*)
Justin Browne (Bar No. 29164)
Brian Ketterer (*admitted pro hac vice*)
**KETTERER, BROWNE & ANDERSON, LLC**

2