

336 S. Main Street, Suite 2A-C  Bel Air, MD 21014
Toll Free: (855) KBA-LAWS (522-5297)
Office: (410) 885-6267
Fax: (855) 334-5626
www.KBAattorneys.com

**Brian Ketterer** (PA) • **Justin Browne** (MD)

**Michael Appel** (MA, NH) • **Derek Braslow** (PA, NJ, DC) • **Julie Ferraro** (MA, FL)

**Christina Graziano** (MA) • **Reza Davani** (MD)

September 7, 2021

**VIA CM/ECF SYSTEM**
The Honorable A. David Copperthite
United States District Court, District of Maryland

      RE:    *Hartsoe v. Baltimore Lutheran H.S. Ass'n* ("CPS") et al., 1:20-cv-03132-RDB

Dear Judge Copperthite:

   The Court has before it, Plaintiffs' counsel's original and supplemental letters dated August 18, 2021, concerning discovery issues that have plagued this case for close to a year. We now supplement with details from our efforts on September 2nd to resolve the dispute. We confirmed again then that Defendant has no explanation for why responsive evidence continues being withheld and has no alternative to Plaintiffs' solution to the persistent withholding problem. As has occurred for months, Defendant continues to represent that it has produced everything only then to produce more, without explanation. What it produces makes clear that even more is being withheld. These are not just run-of-the-mill oversights. Plaintiffs now have conclusive factual evidence that Defendant has withheld and continues withholding information, that it simply cannot and/or will not produce responsive material without oversight, and that it has no alternative way to correct and prevent this problem, leaving only Plaintiffs' requested relief as the only option.

     **I.**    **Defendant violated the Court's orders by withholding evidence of assaults at CPS.**

   Close to a year after serving discovery seeking all prior incidents of sexual harassment and assault, we continue learning of incidents by happenstance. The Court ordered Defendant to produce information concerning prior assaults at CPS at least two times. Defendant completed its electronic search and represented at the end of June that it had produced all responsive materials. (Ex. 1.). A week later it produced scant details regarding yet another assault. Defendant revealed for the first time on July 13[1] – despite multiple Court orders, depositions, multiple meet and confers, ESI discovery, and other efforts – yet another alleged attack and related circumstances. The latest is perhaps the worst and the details support Plaintiffs' case tremendously. A deposition weeks later revealed another event responsive to our discovery, this time concerning student-teacher interactions; the police investigated a teacher choking a student. We tried to meet and confer but were ignored. Minutes after we contacted the Court, we received some, but not all,

---

[1] The production was on the 7th, but technical issues led to accessibility on the 13th.



documents. The issues about the completeness and reliability of Defendant's discovery remained ignored.

This newly discovery information includes that: 1) a student alleged she was sexually molested, harassed, assaulted at CPS and that she met with Brent Johnson about it in 2016 just as he started his tenure as headmaster and the foundation of our clients' cases materialized; 2) a third party became aware of it and CPS communicated about it; and 3) a CPS teacher assaulted a student, and police were involved. We tried to meet and confer again last week. Defendant presented for the first time a handful of excuses offering nothing as to why this happened or how we can be assured we had everything; it instead tried to shift the responsibility onto Plaintiffs.

II. **Defendant cannot explain why it withheld information and documents concerning an alleged sexual assault of a CPS student and a teacher's assault of a student.**

Despite contrary assurances, CPS is definitively withholding more information and documents. Defendant has no explanation as confirmed on September 2. Defendant's proffered excuses do not explain anything, are baseless attempts to shift the burden to Plaintiffs, and do not obviate its duty to produce the responsive material. The entirety of Defendant's excuses were: 1) Defendant produced other documents (a grand total of three) that mentioned (allude vaguely) to these incidents, which is misleading and it does not explain why they were withheld and the rest is being withheld; 2) Plaintiffs' counsel picked the search terms used and it is not Defendant's fault the terms did not pick up these documents; 3) the teacher assault involved a witness under a Plaintiff's "control" that we could have asked about this, which even if accurate, means nothing vis-à-vis CPS's internal documents; and 4) prior defense counsel handled the 30(b)(6) deposition. Each is meritless for these and other reasons. None explain the "why" and "how" this happened. None assure Plaintiffs have all responsive material, which they do not. Defendant also has no solution to address the issue while continuing to withhold documents and rejects ours entirely.

III. **Defendant cannot complete discovery without independent, third-party oversight.**

Plaintiffs have repeatedly claimed Defendant has not produced responsive material. Defendant has repeatedly proven Plaintiffs correct. These latest two examples show CPS cannot comply with the Court's orders. Given the persistent problems, the conclusive factual evidence that the information exists, the inability to explain, correct, or prevent the issue, and in the absence of an alternative solution, Defendant cannot be left to its own devices to complete discovery. Plaintiffs' solution – having a third-party search for and produce responsive material, which we will limit in scope, at our cost – is fair and reasonable, and not unprecedented. We have specific details to make it work. The latest evidence proves Plaintiffs' theory of the case, eviscerates Defendants' defense, and leave Plaintiffs wondering what other explosive, unquestionably responsive, relevant evidence is being withheld. A trial of this magnitude cannot be left to hope given the history here.

> Respectfully,
> /s/ Justin Browne
> Justin Browne (Bar No. 29164)
> Christina Graziano (admitted *pro hac vice*)
> Brian Ketterer (admitted *pro hac vice*)
> **KETTERER, BROWNE & ASSOCIATES, LLC**